IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
|  | : | CRIMINAL ACTION |
| IN RE: | : |  |
| TORRE RANDOLPH | : | NO. 12-005 |
|  | : |  |

**M E M O R A N D U M**

GENE E.K. PRATTER, J.                                                                                          JANUARY 19, 2012

Petitioner Torre Randolph is a defendant in a prosecution underway in Chester County in the Commonwealth of Pennsylvania relating to narcotics charges. According to Petitioner Randolph, the prosecution arises from events occurring in 2004 for which charges were levied in 2006 and for which he was arraigned in 2009.

Petitioner Randolph, acting pro se, has filed a Petition For Removal, suggesting that he is entitled to have this prosecution proceed in federal court "because The Offense was done under Color of Law pursuant to U-S-C-A Statute 1446." For the reasons set out below, the Court denies the Petition.

**DISCUSSION**

"All federal courts, other than the Supreme Court, derive their jurisdiction wholly from the exercise of the authority to 'ordain and establish' inferior courts, conferred on Congress by Article III, § a of the Constitution." Lockerty v. Phillips, 319 U.S. 182, 187 (1943). Accordingly, removal jurisdiction is statutory. No federal court may construe statutes granting

jurisdiction any broader than their language allows.  Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971).  Accordingly, this Court could not allow Petitioner Randolph to remove his action to federal court without specific statutory authority to do so.

Petitioner Randolph does not invoke conventional removal authority.  Although Mr. Randolph mentions "U-S-C-A Statute 1446," (presumably meaning 28 U.S.C. §1446, the statutory procedure from bringing about a removal of a civil or criminal case to federal court) the Court surmises from his mention of "Color of Law" that he seeks removal of his state-related criminal proceedings to federal court under 28 U.S.C. §1443, which provides for the removal of state proceedings in limited circumstances, as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The Supreme Court has held that:

> a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality....Second, it must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State.

Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (citations omitted).

Because Petitioner Randolph has not alleged anywhere in his petition that any Pennsylvania state court litigation concerning him involved issues of racial inequality, § 1443(1) provides no basis for this Court's proposed exercise of subject matter jurisdiction.  Additionally,

a petitioner must also show that he cannot enforce any such asserted rights in state court.  See, State v. Haws, 131 F.3d 1205, 1209 (7th Cir. 1997).  This Mr. Randolph seems unable to do.

In addition, 28 U.S.C. § 1443(2) is unavailing to Petitioner Randolph inasmuch as it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 (1966).  Accordingly, §1443(2) does not grant a right to removal to individuals such as Petitioner Randolph who are not federal officers or agents.

Even if §1443 provided a basis for this Court's exercise of subject matter jurisdiction, Petitioner Randolph failed to comply with the timing requirements set forth in 28 U.S.C. §1446 which dictate that a "notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier...."  According to Mr. Randolph's petition, he was arraigned on April 20. 2009.  His removal petition was docketed in this Court on January 4, 2012, well after the 30-day filing deadline for a removal petition.

Petitioner Randolph's actual specific reference to "Statute 1446" is no more availing to him.  The reference is indeed puzzling.  A federal district court must examine promptly the notice of removal of a criminal case.  28 U.S.C. § 1446(c)(5).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).   The Court has endeavored to act on this petition promptly and finds no authorization for this matter to move ahead in any court other than the Chester County Court of Common Pleas at this time.

The filings in this matter demonstrate that removal of this criminal prosecution is not permitted under § 1443 or any other federal statute.  Accordingly, Petitioner Randolph's Petition is denied.

An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE
